# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ARH ENTERPRISES, LLC, *doing business as* LAS PALMAS CANTINA, and HUGO J. JUAREZ,<br><br>Defendants. | Case No. 19-CV-1622-JPS<br><br>**ORDER** |

**1.     BACKGROUND**

On November 4, 2019 Plaintiff J&J Sports Productions, Inc. brought this action against Defendants, ARH Enterprises, LLC, doing business as Las Palmas Cantina, and Hugo J. Juarez. (Docket #1). Plaintiff alleges that Defendants violated both 47 U.S.C. §§ 553 and 605 by broadcasting a sports program, to which Plaintiff had the exclusive distribution rights, in Defendants' commercial establishment without Plaintiff's authorization. (*Id.*) Plaintiff served both Defendants in February 2020. (Docket #6 and #7). Neither Defendant has appeared or filed a responsive pleading. Thus, on March 11, 2020, Plaintiff requested that the Clerk of Court enter default as to both Defendants; the Clerk did so the following day. (Docket #8).

This matter now comes before the Court on Plaintiff's motion for default judgment against Defendants, which Plaintiff filed on May 19, 2020. (Docket #9). Defendants have not responded to Plaintiff's motion, and their time to do so has expired. *See* Civ. L.R. 7(b); Fed. R. Civ. P. 6(d) (providing three additional days to respond to motions served by mail). Therefore, the Court will treat this motion as unopposed. Civ. L.R. 7(d).

In support of its motion for default judgment, Plaintiff filed a supplemental brief. (Docket #9-1). Plaintiff also provided the affidavit of its president, which attached the licensing agreement giving Plaintiff the exclusive license to exhibit the November 5, 2016 *WBO World Welterweight Title, Manny Pacquiao v. Jesse Vargas* program (the "Program") and the rate card establishing the applicable pricing system. (Docket #9-2). Further, Plaintiff submitted the affidavit of its attorney, Thomas P. Riley, and the affidavit of an investigator, Peter M. Scurto, who was present at Las Palmas Cantina when Defendants illegally showed the Program. (Docket #9-3).

### 2. LEGAL STANDARD

Because the Clerk of Court has entered default against Defendants, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). Plaintiff nevertheless bears the responsibility to prove up its damages under Rule 55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citations and quotations omitted). Default judgment may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (citation and quotations omitted).

### 3. ANALYSIS

Plaintiff recognizes that it cannot recover under both § 553 *and* § 605, (Docket #1 at 8; Docket #9-1 at 5); *J & J Sports Prods., Inc. v. ARH Enters., LLC*,

Page 2 of 5
Case 2:19-cv-01622-JPS    Filed 12/11/20    Page 2 of 5    Document 10

No. 13-CV-1383-JPS, 2014 WL 4656118, at *2 (E.D. Wis. Sept. 16, 2014) (noting that it would be "inappropriate" to award damages under both § 553 and § 605 because those statutes target two different types of piracy and only one type of piracy was at issue). Due to Defendants' failure to appear or defend in this action, Plaintiff was unable to conduct discovery to determine Defendants' method of piracy. (Docket #9-1 at 5). Therefore, Plaintiff seeks statutory damages of $3,520.00 for Defendants' violation of § 605(e)(3)(C)(i)(II) and enhanced statutory damages of $17,600.00 for Defendants' violation of § 605(e)(3)(C)(ii), for a combined total of $21,120.00. (Docket #9 at 3; Docket #9-1 at 5–6). The Court concludes that liability is appropriately established under § 605. *J & J Sports Prods., Inc. v. Mojitos Mex. Grill & Bar, LLC*, No. 17-C-1272, 2018 WL 1709410, at *2 (E.D. Wis. April 9, 2018) ("Nevertheless, because [the defendant's] failure to appear or defend deprived [the plaintiff] of the opportunity to conduct discovery regarding the transmission at issue, I conclude that liability is appropriately established under § 605.") Plaintiff also seeks an opportunity to submit a motion for the recovery of reasonable attorneys' fees and relevant costs at a later date. (Docket #9 at 3).

Under § 605(e)(3)(C)(i)(II), Plaintiff may recover damages between $1,000.00 and $10,000.00 for each violation of the statute. To assess damages, this Court adopted the per patron multiplier test set forth in *Joe Hand Promotions, Inc. v. Ewer*, No. 09-C-612, 2009 WL 3269658 (E.D. Wis. Oct. 8, 2009), which is widely used to calculate damages in instances in which the number of patrons is known. *ARH Enters., LLC.*, 2014 WL 4656118, at *3. Although the previous multiplier amount was $55.00 per patron, to account for inflation, the Court will increase this amount to $80.00, as it did in *J & J Sports Prods., Inc. v. Silvestre*, 16-CV-523, 2017 U.S. Dist. LEXIS 4775, at *2

(E.D. Wis. Jan. 12, 2017). On the night of the Program, the investigator counted a maximum of 44 patrons at Las Palmas Cantina. (Docket #9-3 at 5). Based on this information, the statutory damage award is $3,520.00.

Plaintiff also seeks an enhanced statutory damages award of $17,600.00, pursuant to § 605(e)(3)(C)(ii). To evaluate enhanced damages, Plaintiff must show that Defendants' conduct was willful. "'Willful' as used in these statutes means a 'disregard for the governing statute and an indifference for its requirements.'" *Kingvision Pay-Per-View, Ltd. v. Scott E's Pub, Inc.*, 146 F. Supp. 2d 955, 959 (E.D. Wis. 2001) (quoting *ON/TV of Chi. v. Julien*, 763 F.2d 839, 844 (7th Cir. 1985)). The Court may infer willfulness from a defendant's failure to litigate. *Mojitos Mex. Grill & Bar, LLC*, 2018 WL 1709410, at *2. Courts in this district consider a number of factors when assessing enhanced damages, including: (1) the number of the defendant's prior violations; (2) the amount by which the defendant profited; (3) the plaintiff's actual damages; (4) whether the defendant advertised for the event; and (5) whether the defendant charged a cover for the night in question. *Id.* at *3 (awarding $6,600.00 in enhanced damages on default judgment where defendant had no history of piracy, the extent of ill-gotten gains or actual damages was unknown, there were only between 65 and 80 patrons in the restaurant at the time, and there was no advertising or cover fee charged). The Court must also consider the deterrent effects of an enhanced award, imposing damages so as to discourage similar activity without seriously impairing the viability of Defendants' business. *ARH Enters., LLC*, 2014 WL 4656118, at *3.

In *ARH Enterprises, LLC*, which involved the same parties in this action, this Court determined that because (1) Defendants had no prior violations of § 605, (2) Defendants did not advertise their showing the

program, and (3) Defendants did not charge a cover, the Court would not award a "high dollar amount" of enhanced damages. *Id.* In that case, the Court multiplied the statutory damage amount by three. Clearly, the Court's prior damages award did not sufficiently deter Defendants from violating the law a second time. Thus, the Court will grant Plaintiff's request and multiply the statutory damage award of $3,520.00 amount by five, for a total of $17,600.00.

4. **CONCLUSION**

The Court will grant Plaintiff's motion for default judgment as to Defendants, (Docket #9), and will award both statutory and enhanced damages in an amount totaling $21,120.00. The Court also grants Plaintiff's request to file a motion for attorneys' fees and costs at a later date. *See* (*Id.* at 3).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Docket #9) be and the same is hereby **GRANTED**; Defendants, jointly and severally, shall pay to Plaintiff the total amount of $21,120.00 in damages, together with post-judgment interest as provided by law, reasonable attorneys' fees as later determined by the Court, and costs; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of December, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge